# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CRYSTAL ILENE HEDRINGTON DEANER,

Plaintiff,

v.

FRANK BISIGNANO, Commissioner of Social Security,[1]

Defendant.

_______________________________________/

Case No. 1:26-cv-04223-SKO

ORDER ON PLAINTIFF'S SOCIAL SECURITY COMPLAINT

(Doc. 1)

## I. INTRODUCTION

Plaintiff Crystal Ilene Hedrington Deaner ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying her application for disability insurance benefits (DIB) under the Social Security Act (the "Act"). (Doc. 1.) The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Sheila K. Oberto, United States Magistrate Judge.[2]

## II. FACTUAL BACKGROUND

Plaintiff was born in 1964, has at least a high school education, and previously worked as a care giver. (Administrative Record ("AR") 67, 78, 215.) Plaintiff filed a claim for DIB on January

---

[1] On May 6, 2025, Frank Bisignano was appointed the Commissioner of the Social Security Administration. *See* https://www.ssa.gov/news/press/releases/2025/#2025-05-07. He is therefore substituted as the defendant in this action. *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] The parties consented to the jurisdiction of a U.S. Magistrate Judge. (*See* Doc. 11.)

6, 2023, alleging she became disabled on December 1, 2021, due to kidney disease, high blood pressure, diabetes, and hypertension. (AR 14, 67, 79, 211, 262, 278.)

**A. Relevant Evidence of Record[3]**

In May 2024, State agency medical consultant L. Bobba, M.D., assessed Plaintiff's physical residual functional capacity (RFC)[4] at the reconsideration level and opined that she could perform light work but would need to "[e]levate legs during regular breaks"; could occasionally climb, balance, stoop, kneel, crouch, and crawl; and should avoid concentrated exposure to hazards. (AR 74–75.) As the basis for her recommendation that Plaintiff elevate her legs, Dr. Bobba cited diagnosis of varicose veins/chronic venous insufficiency and her venous duplex ultrasound that was consistent with reflux disease. (AR 72.)

**B. Administrative Proceedings**

The Commissioner denied Plaintiff's application for benefits initially on May 15, 2023 (AR 14, 104–108), and again upon reconsideration on September 13, 2024 (AR 14, 110–13). Consequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 114–15, 143–59.) At a hearing held on May 28, 2025, Plaintiff appeared with her attorney and testified before an ALJ as to her work history and alleged disabling conditions. (AR 44–55.) Among other things, Plaintiff testified the following regarding her vein ablation procedure:

> Q. And did that seem to help?
>
> A. I don't know, I'll have to get back with them because – it did, it did. I only swell up when I stand too -- I only swell up when I stand up too long when I go to moving, but other than that no. I believe it worked.

(AR 52.) She also testified that her doctors have recommended that she elevate her legs and that she does that sometimes "everyday if I'm moving around a lot during --doing it throughout the day."

[3] Because the parties are familiar with the medical evidence, it is summarized here only to the extent relevant to the contested issues.

[4] RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis of 8 hours per day, for 5 days per week, or an equivalent work schedule. TITLES II & XVI: ASSESSING RESIDUAL FUNCTIONAL CAPACITY IN INITIAL CLAIMS, Social Security Ruling ("SSR") 96-8P (S.S.A. July 2, 1996). The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments. *Id.* "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record including, inter alia, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

(AR 52.)

A Vocational Expert (VE) also testified at the hearing. (AR 55–58.) The VE testified, among other things, that the maximum allowance for lifting the legs above ground level is 12 to 14 inches without impacting any work performance. (AR 58.)

**C. The ALJ's Decision**

In decision dated June 25, 2025, the ALJ concluded that Plaintiff was not disabled. (AR 14–27.) The ALJ conducted the five-step disability analysis set forth in 20 C.F.R. § 404.1520. (AR 16–27.) The ALJ decided that Plaintiff met the insured status requirements of the Act through December 31, 2026, and had not engaged in substantial gainful activity since December 1, 2021, the alleged onset date (step one). (AR 16–17.) At step two, the ALJ found Plaintiff's following impairments to be severe: diabetes mellitus, history of renal cell carcinoma status post left nephrectomy, hypertension, venous insufficiency, and obesity. (AR 17–19.) The ALJ further found Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings") (step three). (AR 19–20.)

The ALJ then assessed Plaintiff's RFC and applied the assessment at steps four and five (AR 20–26). *See* 20 C.F.R. § 404.1520(a)(4) ("Before we go from step three to step four, we assess your residual functional capacity . . . . We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps."). The ALJ determined that Plaintiff had the RFC:

> to perform light work as defined in 20 CFR [§] 404.1567(b) except she can occasionally climb, balance as that term is defined in the Dictionary of Occupational Titles (DOT), stoop, kneel, crouch, and crawl, and must avoid concentrated exposure to hazards.

(AR 20.) Although the ALJ recognized that Plaintiff's impairments "could reasonably be expected to cause the alleged symptoms[,]" the ALJ rejected Plaintiff's subjective testimony as "not entirely consistent with the medical evidence and other evidence in the record." (AR 21.)

The ALJ determined that Plaintiff could perform her past relevant work as a care giver (step four). (AR 26–27.) The ALJ concluded that Plaintiff was not disabled at any time from the alleged

onset date, December 1, 2021, through the date of the decision. (AR 27.)

Plaintiff thereafter sought review of this decision before the Appeals Council, which denied review on April 13, 2026. (AR 33–38.) Therefore, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. § 404.981.

## III. LEGAL STANDARD

### A. Applicable Law

An individual is considered "disabled" for purposes of disability benefits if they are unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). However, "[a]n individual shall be determined to be under a disability only if [their] physical or mental impairment or impairments are of such severity that [they] are not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

"The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520). The Ninth Circuit has provided the following description of the sequential evaluation analysis:

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant is not disabled. If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments. If not, the claimant is not disabled. If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, [a]pp. 1. If so, the claimant is automatically presumed disabled. If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing [their] past relevant work. If so, the claimant is not disabled. If not, the ALJ proceeds to step five and examines whether the claimant has the [RFC] . . . to perform any other substantial gainful activity in the national economy. If so, the claimant is not disabled. If not, the claimant is disabled.

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (citing 20 C.F.R. § 404.1520).

"The claimant carries the initial burden of proving a disability in steps one through four of the analysis." *Burch*, 400 F.3d at 679 (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)). "However, if a claimant establishes an inability to continue [their] past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work." *Id.* (citing *Swenson*, 876 F.2d at 687).

**B. Scope of Review**

"This court may set aside the Commissioner's denial of [social security] benefits [only] when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett*, 180 F.3d at 1097 (citation omitted). "Substantial evidence . . . is 'more than a mere scintilla,'" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). *See also Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

"This is a highly deferential standard of review . . . ." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). "The ALJ's findings will be upheld if supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted). Additionally, "[t]he court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Id.*; *see, e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner." (citations omitted)).

Nonetheless, "the Commissioner's decision 'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Tackett*, 180 F.3d at 1098 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). "Rather, a court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" *Id.* (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993)).

Finally, courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*,

454 F.3d 1050, 1055–56 (9th Cir. 2006)). "An error is harmless only if it is 'inconsequential to the ultimate nondisability determination.'" *Lambert v. Saul*, 980 F.3d 1266, 1278 (9th Cir. 2020) (quoting *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015)). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citations omitted).

## IV. DISCUSSION

Plaintiff contends that the ALJ harmfully erred in their evaluation of State agency medical consultant Dr. Bobba's opinion that Plaintiff needed to "[e]levate legs during regular breaks." (Docs. 13, 16.) The Commissioner responds that the ALJ properly assessed the medical opinion of Dr. Bobba. (Doc. 15.)

The Court agrees with Plaintiff that the ALJ did not adequately evaluate Dr. Bobba's opined leg elevation limitation and for that reason will remand for further proceedings.

### A. Legal Standard

An ALJ cannot reject a medical opinion as unsupported or inconsistent "without providing an explanation supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (citing 20 C.F.R. § 404.1520c(b)). The agency must 'articulate . . . how persuasive' it finds 'all of the medical opinions' from each doctor or other source" and "explain how [it] considered the supportability and consistency factors' in reaching these findings." *Id.* The Social Security Administration's regulations provide that the most important factors to consider when evaluating the persuasiveness of medical opinions are "supportability" and "consistency." 20 C.F.R. § 404.1520c(a). Supportability refers to "the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods*, 32 F.4th at 791–92 (quoting 20 C.F.R. § 404.1520c(c)(1)). Consistency refers to "the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim." *Woods*, 32 F.4th at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)).

*Woods* makes clear that to reject properly a medical opinion under the substantial evidence standard, the ALJ "must articulate how persuasive it finds all the medical opinions from each doctor or other source and explain how it considered the supportability and consistency factors in reaching

these findings." *Id*. (quoting 20 C.F.R. § 404.1520c(b)).

With these legal standards in mind, the Court reviews the weight given to State agency medical consultant Dr. Bobba's opinion that Plaintiff needed to "[e]levate legs during regular breaks."

**B. Analysis**

The ALJ determined that Dr. Bobba's opined leg elevation limitation was "not supported by the record and hearing testimony, which shows that the recent vein ablation was helpful and she was pleased with the results." (AR 24.) The foregoing is the entire persuasiveness evaluation of the limitation, and it is insufficient. The ALJ does not identify or discuss what evidence in "the record" that purportedly does not support the opined leg elevation limitation, so the Court cannot determine to what evidence the ALJ refers and how such evidence does, or does not, support the limitation. *See Sarishamshajian v. Kijakazi*, No. 1:22-CV-00499-SKO, 2023 WL 6049883, at *6 (E.D. Cal. Sept. 15, 2023) ("[N]either the Court, nor the Acting Commissioner, may *post-hoc* comb the administrative record to find support for the ALJ's finding as to the persuasiveness of [a medical] opinion.) (internal quotations omitted). While the ALJ claims that Plaintiff testified that her vein ablation procedure was "helpful" and that she was "pleased with the results," her actual testimony was more equivocal, indicating that she "didn't know" whether the procedure helped, that she continued to have swelling in her legs when she would "stand up for too long," and that she still needed to elevate her legs when "moving around a lot . . . during the day." (AR 52.) More importantly, the ALJ failed to discuss the explanation actually given by Dr. Bobba for the opined leg elevation limitation, namely, Plaintiff's diagnosis of varicose veins/chronic venous insufficiency and her venous duplex ultrasound that was consistent with reflux disease (AR 72). *See* 20 C.F.R. § 404.1520c(c)(1) ("Supportability examines the relevant objective medical evidence and supporting explanations ***presented by the source***") (emphasis added); *see also Acosta Cuevas v. Comm'r of Soc. Sec.*, No. 20-CV-0502 (AJN) (KHP), 2021 WL 363682, at *10 (S.D.N.Y. Jan. 29, 2021) (the supportability inquiry is "geared toward assessing how well a medical source supported and explained" their opinion). Finally, the ALJ's discussion of Dr. Bobba's leg elevation limitation

appears directed solely to the supportability factor and does not discuss the consistency factor at all.[5] *See Hiten v. Kijakazi*, No. 1:22-cv-00473-JLT-BAM, 2023 WL 5806452, at *5–6 (E.D. Cal. Sept. 7, 2023) (collecting cases noting the ALJ must explain how both supportability ***and*** consistency factors were considered in determining the persuasiveness of an opinion.).

By omitting any discussion as to how Dr. Bobba's given explanation or "the record" does or does not support the opined leg elevation limitation—and failing to mention the consistency factor altogether—the Court concludes that the ALJ's persuasive analysis lacks substantial evidence.[6] *See Cantu v. Comm'r of Soc. Sec.*, No. 1:26-CV-00489-KES-EPG, 2026 WL 1747051, at *7 (E.D. Cal. June 17, 2026) ("The ALJ did not point to any specific evidence and did not do any specific comparison between that evidence that the medical opinions. Referring generally to the medical evidence does not satisfy the ALJ's duty to explain how it considered the supportability and consistency factors."). And, because error in the treatment of a medical opinion impacts the RFC determination, the Court declines to find substantial evidence supports the RFC. *See Garmany v. O'Malley*, No. 1:23-CV-00607-HBK, 2024 WL 3105824, at *6 (E.D. Cal. June 24, 2024) (errors in addressing medical opinion evidence "calls into question whether the assessed RFC . . . [is] supported by substantial evidence").

## C. Harmless Error Analysis

The ALJ's erroneous evaluation of the persuasiveness State agency medical consultant Dr. Bobba's opined leg elevation limitation is not harmless. Errors are harmless when a reviewing court "can confidently conclude that no reasonable ALJ, when fully crediting the [evidence], could have reached a different disability determination." *Stout v. Comm'r, Social Sec. Admin*., 454 F.3d 1050,

[5] To the extent the ALJ intended their supportability discussion to address also the consistency factor, it fails for the same reasons. *See Beltran v. Kijakazi*, No. 1:21-cv-00603-JLT-BAM, 2023 WL 6164105, at *5 (E.D. Cal. Sept. 21, 2023) (finding that the ALJ did not "clearly address the consistency factor" because they did not "explain the extent to which the limitations identified by [the opining physician] are inconsistent with other evidence in the record, including the opinions from other medical sources and nonmedical evidence.").

[6] While the Commissioner attempts to provide reasons why the ALJ could have found Dr. Bobba's opined leg elevation limitation was not supported by the record (*see* Doc. 15 at 5–6), this is the sort of *post hoc* rationale that is impermissible in the Social Security context. *See Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) ("We are constrained to review the reasons the ALJ asserts."); *Stout v. Comm'r Soc. Sec. Admin*, 454 F.3d 1050, 1054 (9th Cir. 2006) (a reviewing court cannot affirm an ALJ's decision denying benefits on a ground not invoked by the ALJ himself); *see also Walker v. Comm'r of Soc. Sec*., No. 2:22-CV-01871-EJY, 2024 WL 64784, at *4 n.4 (D. Nev. Jan. 4, 2024) ("In response to Plaintiff's motion, the Commissioner specifically addresses the supportability and consistency factors and provides citations to the record. Unfortunately these are *ad hoc* rationales the Court cannot consider").

1056 (9th Cir. 2006).

The Commissioner asserts that any error is harmless because the occupations identified by the VE "allow for elevation of the legs." (Doc. 15 at 7.) But the VE testified that the "maximum allowance for lifting the legs above the ground level is 12 to 14 inches" and that anything greater than that would be "work preclusive." (AR 58.) Dr. Bobba's opined limitation, that Plaintiff needs to "[e]levate legs during regular breaks," did not specify how high such elevation should be. To the extent the limitation requires elevation more than 14 inches from ground level, it is work preclusive, according to the VE. The Court therefore cannot "confidently conclude" that "no reasonable ALJ" considering Dr. Bobba's opined leg elevation limitation could have reached a different disability determination. *See Carter v. Comm'r of Soc. Sec.*, No. 2:24-CV-01177-DGE, 2025 WL 747429, at *10 (W.D. Wash. Mar. 10, 2025) ("These errors were not harmless, as they impacted the RFC formulated by the ALJ. If Plaintiff's testimony and the opinions of Dr. Craig and Nurse Wong had been credited, the ALJ could not have concluded Plaintiff was able to work.") (internal citations omitted); *Suzi Marie H. v. O'Malley*, No. 3:22-cv-01963-WQH-AHG, 2024 WL 965233, at *14 (S.D. Cal. Mar. 5, 2024) (determination that medical opinions were unpersuasive without providing an explanation supported by substantial evidence was "not inconsequential since it could have impacted the final RFC.").

**D. Remand for Further Proceedings**

The decision whether to remand a matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) or to order immediate payment of benefits is within the discretion of the district court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Notably, except in rare instances, when a court reverses an agency's determination, the proper course is to remand to the agency for additional investigation or explanation. *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002)).

Here, the Court finds, and Plaintiff agrees (Doc. 13 at 10–11; Doc. 16 at 4), that remand for additional proceedings is necessary because the persuasiveness of Dr. Bobba's opined leg elevation

limitation must be analyzed further before a determination of disability may be made.[7] *See Cesar C. v. Dudek*, No. 1:24-CV-03177-EFS, 2025 WL 1065959, at *10 (E.D. Wash. Apr. 9, 2025) (remanding for further proceedings where the ALJ "failed to address the supportability of [medical] opinions in any meaningful way"); *Arroyo v. Comm'r of Soc. Sec.,* No. 2:22-CV-00360-DMC, 2023 WL 3853485, at *8 (E.D. Cal. June 6, 2023) (remanding for further proceedings where the ALJ failed to explain how a physician's opinion was inconsistent with other objective medical evidence); *cf. Emily B. v. Kijakazi*, No. 4:20-CV-05174-SMJ, 2022 WL 17224299, at *6 (E.D. Wash. Sept. 14, 2022) (observing that the revised regulations rejected application of the Ninth Circuit's "credit-as-true" doctrine to medical opinions and the commentary expressly stated: "it is never appropriate under our rules to 'credit-as-true' any medical opinion").

## V. CONCLUSION AND ORDER

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence and is, therefore, VACATED. The case is REMANDED to an ALJ for further proceedings consistent with this Order. The Clerk of Court is DIRECTED to enter judgment in favor of Plaintiff Crystal Ilene Hedrington Deaner and against Defendant Frank Bisignano, Commissioner of Social Security.

IT IS SO ORDERED.

Dated: **October 29, 2026**

/s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE

---

[7] As to the ultimate outcome of Plaintiff's claim, the Court expresses no opinion as to the level of persuasiveness that should be ascribed to the medical opinion evidence. Nor does the Court express what Plaintiff's RFC ultimately should be. These are for the ALJ to decide. *Ford*, 950 F.3d at 1154.